## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBBIE J. HIGGINS,** | : | **No. 07cv622** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **BOROUGH OF TAYLOR,** | : | |
| **BOROUGH OF TAYLOR** | : | |
| **POLICE DEPARTMENT,** | : | |
| **OFFICER EDWARD FRESCOLN,** | : | |
| **CHIEF STEPHEN DERENICK,** | : | |
| **CARL F. SIMINSKI, and** | : | |
| **MARY JOYCE SIMINSKI,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before this court for disposition is the motion of Defendants Borough of

Taylor, Borough of Taylor Police Department, Chief Stephen Derenick and Officer

Edward Frescoln to dismiss the plaintiff's complaint.  Having been fully briefed and

argued, the matter is ripe for disposition.

**Background**

The plaintiff, Robbie J. Higgins, brought this suit against his landlords, Carl F.

Simininski and Mary Joyce Smininski, the Borough of Taylor, the Borough of Taylor

Police Department, Police Officer Edward Frescoln, and Police Chief Stephen

Derenick.  The lawsuit grew out of an incident that occurred on January 9, 2005.

On January 9, 2005, at approximately 4:32 a.m., the plaintiff was taken into

custody by Officer Frescoln of the Taylor Police Department.  (Plaintiff's Complaint

(Doc. 1-3) at ¶ 12).[1]  Officer Frescoln arrested the plaintiff on the alleged charge of

public drunkenness.  (Id.).  According to the Police Department's Initial Crime

Report, officers attempted at headquarters to give the plaintiff a portable

breathalyzer test.  (Id. at ¶ 13).  Plaintiff's intoxication prevented such testing. (Id.).

At one point, while the officers were trying to administer the test, plaintiff fell forward

out of his chair and onto the floor.  (Id.).  Officers present asked the plaintiff if he

needed medical attention.  (Id.).  He declined.  (Id.).  After issuing the citation,

Officer Frescoln transported the plaintiff to his apartment at 104 S. Main Street,

Taylor, Pennsylvania.  (Id. at ¶ 14).  As Officer Frescoln escorted the plaintiff up the

outside steps leading to the second floor, he fell and rolled off the second-floor

porch, hitting the asphalt below head/face first.  (Id.).  Officer Frescoln checked the

plaintiff for a pulse and notified Emergency Medical Services.  (Id.).  The plaintiff

was transported to CMC Hospital in Scranton, Pennsylvania.  (Id.).   CMC

transferred the plaintiff to the John Heinz Institute of Rehabilitation Medicine in

Wilkes-Barre, Pennsylvania to continue his treatment.  (Id. at ¶ 24).[2]

On March 14, 2007, the plaintiff filed a complaint in the Court of Common

Pleas of Lackawanna County, Pennsylvania.  The plaintiff filed claims for

negligence; failure to supervise; municipal liability; and negligence/breach of implied

---

[1] The background is taken from the Plaintiff's Complaint.

[2] The plaintiff alleges that his fall caused several injuries including: a brain injury; multiple rib fractures; a scalp laceration; left parietal confusion; several abrasions; and injuries to the right knee and leg.

duty of habitability.  Plaintiff seeks restitution in excess of $500,000 plus interest as well as all costs and fees, including reasonable attorney's fees.  On April 2, 2007, the Defendants filed a Notice of Removal ( Doc. 1) pursuant to 28 U.S.C. §§ 1441(b) and 1443(2) requesting this action be moved to the United States District Court for the Middle District of Pennsylvania.[3]  On April 9, 2007, Defendants Borough of Taylor, Borough of Taylor Police Department, Edward Frescoln and Stephen Denerick filed a motion to dismiss the case.  (Doc. 2).  On November 18, 2007, we denied plaintiff's motion to remand.  (See Doc. 12).   The court then ordered the plaintiff to file a brief in opposition to the motion to dismiss filed by the Borough, the Police Department and Defendants Frescoln and Denerick (Doc. 13). Plaintiff filed that brief (Doc. 14), bringing the case to its present posture.

**Jurisdiction**

---

[3] 28 U.S.C. § 1441(b) states:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1443(2) states in pertinent part:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

This Court has jurisdiction pursuant to 28 U.S.C. § 1441(b) as the defendants in this action removed the case from the Lackawanna County Court of Common Pleas.

**Standard**

When analyzing a 12(b)(6) motion to dismiss, all well-pleaded allegations of the complainant must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief."  Colburn v. Upper Darby Township, 838 F.2d 663, 665-666 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985) (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curiam)). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)(citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  The complaint is properly dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**Discussion**

4

Defendants[4] raise several grounds for dismissing the complaint.  We will address each in turn.

### i.  Plaintiff's Claim that Defendants Violated his Constitutional Rights

Defendants contend that plaintiff claims they violated his substantive due process rights under the Fourteenth Amendment to the United States Constitution, creating a claim under 42 U.S.C. § 1983.  Plaintiff does not dispute that he raises such a claim, even though that action is not pled specifically in the complaint.  The dispute in this case is over whether plaintiff's injuries were the result of a failure of the defendants to perform their obligation to protect the plaintiff while in custody and prevent him from falling and hitting his head.

The Supreme Court has declared that "the Due Process Clauses [of the Fifth and Fourteenth Amendments] generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive an individual."  Deshaney v. Winnebago County Dept. of Soc. Servs., 489 U.S. 189, 196 (1989).  While the Due Process clauses prohibit the government from acting in ways that would deprive citizens of rights, the clause "does not require the State to provide its citizens with particular protective services, [and] it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen

---

[4]We use "defendants" hereafter to refer to the defendants who filed the motion to dismiss: Defendants Borough of Taylor, Borough of Taylor Police Department, Frescoln and Denerick.

to provide them." Id. at 196-97.

Under certain circumstances, however, a state's duty extends beyond a duty to refrain from acting. The Third Circuit Court of Appeals recently described two such situations: "[f]irst, the state has a duty to protect or care for individuals when a 'special relationship' exists" and "[s]econd, the state has a duty when a 'state-created danger is involved." Sanford v. Stiles, 456 F.3d 298, 304 (3d Cir. 2006). In the first of these exceptions, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." Deshaney, 489 U.S. at 199-200. The Third Circuit Court of Appeals has found that such duty exists "when the state enters into a special relationship with a particular citizen" and "liability attaches under § 1983 when the state fails, under sufficiently culpable circumstances, to protect the health and safety of the citizen to whom it owes an affirmative duty." D.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1369 (3d Cir. 1992). Still, this duty arises only because "the State's affirmative act of restraining the individual's freedom to act on his own behalf" deprives a prisoner of his liberty and invokes the protections of due process. Id. at 200. If a person voluntarily allows the state to take him into custody, such protections do not apply. See, e.g., Toriskey v. Schweiker, 446 F.3d 438, 445 (3d Cir. 2006) (noting that when a plaintiff voluntarily agreed to custody in a mental institution "the plaintiff's 'personal liberty was not substantially curtailed by the state

6

in any way.'").

The question here under the "special relationship" theory is whether plaintiff was in defendants' custody when he fell and injured his head.  Defendants argue that plaintiff was no longer in police custody when he fell, since he had been released after police issued him a citation for public drunkenness.  Because plaintiff was free to leave the police station, the fact that he chose transport home from the police officer does not mean that he was in custody when he suffered his injury. We find that the facts as alleged in the complaint do not indicate that plaintiff could have left the station of his own free will, or that he was no longer in police custody when he fell.  Nothing in the facts as alleged indicates that plaintiff voluntarily agreed to be transported home from the police station.  Instead, the complaint merely quotes a police report to indicate that an officer, after issuing a citation "transported [plaintiff] to his residence."  (Complt. at ¶ 14).  Plaintiff also alleges that he was in "the exclusive custody and control" of defendants at the time of his injury. (Complt. at ¶ 15).  In addition, plaintiff alleges that the defendant police officer failed to exercise the care required in this situation, and thus has alleged facts that a jury could conclude represents a culpable failure to protect the health and safety of a person to whom the state owes an affirmative duty.  If plaintiff can prove these allegations, he can prevail on his Section 1983 claim.  Because a plaintiff need not demonstrate both a special relationship and a state-created danger theory in order to prevail in a Section 1983 action, we will not address the parties' argument over

whether defendants created a danger that harmed plaintiff.

### Claims Against Officer Frescoln and Chief Derenick in their Official Capacities

Defendants argue that any claims brought against Officer Frescoln and Chief Derenick in their official capacities should be dismissed, since any claims brought against individual defendants in their official capacities are claims against a municipality itself.  Plaintiff does not respond to this argument, and apparently does not dispute that claims against these defendants in their official capacities could not be sustained.  We agree that such claims could not be raised.  See, e.g., Hafer v. Melo, 502 U.S. 21, 25 (1991) (holding that "[s]uits against state officials in their official capacity . . . should be treated as suits against the State.").   We will therefore grant the motion on this point.

### Qualified Immunity for Officer Frescoln and Chief Derenick

Defendants argue that Officer Frescoln and Chief Derenick are entitled to qualified immunity and should be dismissed from the case.  Plaintiff does not respond to this argument.  In any case, qualified immunity for police officers "absolves defendants if reasonable officers could have believed their conduct was lawful 'in light of clearly established law and the information the searching officers possessed.'" Karnes v. Skrutski, 62 F.3d 485, 491 (3d Cir. 1995) (quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987)).  Determining whether qualified immunity applies is a two "step process:" "[f]irst, we must determine whether the defendants

8

violated 'clearly established' rights . . . [s]econd, we determine whether a

reasonable officer would have believed that his or her conduct deprived plaintiff of

his or her constitutional rights."  Harvey v. Plains Twp. Police Dept., 421 F.3d 185,

192 (3d Cir. 2005).

     The complaint contains allegations that "Defendants" both observed plaintiff

"'falling in the middle of the street numerous times'" before the arrest and falling out

of his chair and onto the floor because of his intoxication at the station house.

("Complt." at ¶ 16).  The complaint also indicates that Defendant Frescoln

transported plaintiff to his home despite this knowledge.  (Id. at ¶ 17).  We have

concluded that the constitutional violation alleged in this case occurred at the

plaintiff's home, while he was in Officer Frescoln's custody.  Dismissing the case

against Officer Frescoln is premature, however.[5]  We have found that plaintiff has

stated a claim that Defendant Frescoln violated his constitutional right to substantive

due process, and therefore has met the first element for avoiding a qualified

immunity claim.  Second, based on the facts alleged, a reasonable officer would

have believed that his actions in compelling plaintiff to undertake unnecessarily

dangerous behavior violated the rights of a person in custody.  While the issue

could arise again after the parties complete discovery, at this point plaintiff's

_____

[5]We disagree with the defendants that plaintiff has not stated any claim against
Chief Derenick, because plaintiff's allegation appears to be that Chief Derenick was
present in the station and observed plaintiff's intoxicated state. He also alleges that the
Chief participated in the decision to send him home while he was dangerously inebriated.

9

allegations are sufficient to survive a motion to dismiss.

Chief Derenick's only involvement with the plaintiff appears to be his decision to send him home, despite knowledge of his intoxication.  We have found that the state-created danger in this case came not when Officer Frescoln took plaintiff into his car, but when he made decisions at plaintiff's residence about how to get him into his apartment.   Chief Derenick was not present at this moment.  Since the decision to send plaintiff home did not represent the underlying constitutional violation, Chief Derenick is entitled to qualified immunity. We will therefore grant the motion as it pertains to Defendant Derenick and deny it as it relates to Officer Frescoln.

### Municipal Liability

Defendants argue that plaintiff has not stated a claim for liability against the Borough of Taylor or the Taylor Police Department.  Torts committed by employees do not make a municipality liable and "a local governing body can be held liable only for an official policy or custom."  San Filippo v. Bongiovanni, 30 F. 3d 424, 445 (3d Cir. 1994).  Under the standard first articulated in Monell v. Dept. of Soc. Servs., "local governing bodies . . . can be sued directly under §1983 . . . where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  Monell v. Dept. of Soc. Servs. of the City of New York, 436 U.S. 658, 690 (1978).  Thus, "[a] public entity . . . may be held liable for the violation

of a constitutional right under 42 U.S.C. § 1983 only when the alleged

unconstitutional action executes or implements policy or a decision officially

adopted or promulgated by those whose acts may fairly be said to represent official

policy." Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997).  Liability exists

when "'there is a direct causal link between a municipal policy or custom and the

alleged constitutional deprivation.'" Brown v. Muhlenberg Twp., 269 F.3d 205, 214

(3d Cir. 2001) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989).

     Here, the plaintiff alleges that his injuries were the result of the failure of the

Borough and the Police Department properly to train employees.  The Supreme

Court has held that "[o]nly where a municipality's failure to train its employees in a

relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants

can such a shortcoming be properly thought of as a city 'policy or custom' that is

actionable under § 1983." City of Canton v. Harris, 489 U.S. 378, 389, (1989).

Further, "[w]hen a plaintiff alleges that a municipality has not directly inflicted an

injury, but has caused an employee to do so, stringent standards of culpability and

causation must be applied to ensure that the municipality in a § 1983 suit is not held

liable solely for the conduct of its employee." Reitz v. County of Bucks, 125 F.3d

139, 145 (3d Cir. 1997).  These strict standards exist because "in enacting § 1983,

Congress did not intend to impose liability on a municipality unless *deliberate* action

attributable to the municipality itself is the 'moving force' behind the plaintiff's

deprivation of federal rights." Board of the County Commissioners of Bryan County,

11

Oklahoma v. Brown, 520 U.S. 397, 399 (1997).

We find that plaintiff has stated a claim against both the municipality and the police department.  Though the claim is rather cursory, plaintiff has alleged that he suffered a deprivation of a constitutional right, and that the deprivation was due to the deliberate failure of the municipality to train its employees not to violate that right, as well as the indifference of policymakers to those potential violations.  We presume that discovery will reveal the exact nature of these failings, and a summary judgment motion from the defendants after discovery could address any absence of evidence.  We will accordingly deny the motion on this point.

**State Law Negligence Claim**

Defendants argue that the Pennsylvania Governmental Immunity Act bars any negligence claims against a municipalities and its agencies.  Under Pennsylvania law, municipalities enjoy a general immunity from suit "for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."  42 PENN. CONS. STAT. § 8541.  Exceptions for certain negligent acts apply under the statute, however.  42 PENN. CONS. STAT. § 8542.  Those negligent acts all involve negligence in the use and care of real and personal property controlled by the municipality, such as vehicles, personal property in the possession or control of the municipality, real property in the municipality's control, trees, traffic controls and street lights, streets, sidewalks and animals.  42 PENN. CONS. STAT. § 8542(b)(1-8).

The negligence alleged against the municipality in plaintiff's state law claim does not fall into any of these categories.  Plaintiff's injury, if it was caused by the negligence of Officer Frescoln, occurred at a private residence that was not in the control of the municipality.  Accordingly, we will grant the defendants' motion to dismiss plaintiff's state-law negligence complaint against the municipality.

Defendants also allege that the individual defendants cannot be liable under Pennsylvania law.  Pennsylvania law provides that "[a]n employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing agency."  42 PENN. CONS. STAT. § 8545.  Immunity for individual employees is waived, however, if "it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct."  42 PENN. CONS. STAT. § 8550.  Here, the plaintiff's state-law claims against both Chief Denerick and Officer Frescoln sound in negligence, and negligence not related to the sort of negligence for which Pennsylvania has waived municipal immunity.  These defendants therefore cannot be liable, and the state-law claims against them will be dismissed.  See, e.g., Moser v. Bascelli, 865 F. Supp. 249, 253-54 (E.D. Pa. 1994) (holding that an employee could not be liable for negligent infliction of emotion distress because a municipality could not be liable for such claims).

**Conclusion**

13

For the reasons stated above, we will grant the defendants' motion in part and deny it in part.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBBIE J. HIGGINS,** | : | **No. 07cv622** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **BOROUGH OF TAYLOR,** | : | |
| **BOROUGH OF TAYLOR** | : | |
| **POLICE DEPARTMENT,** | : | |
| **OFFICER EDWARD FRESCOLN,** | : | |
| **CHIEF STEPHEN DERENICK,** | : | |
| **CARL F. SIMINSKI, and** | : | |
| **MARY JOYCE SIMINSKI,** | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW**, to wit, this 11th day of March 2008, the motion to dismiss the

case by defendants Frescoln, Derenick, Borough of Taylor and Borough of Taylor

Police Department (Doc. 2) is **DENIED** in part and **GRANTED** in part, as follows;

1) The motion to dismiss plaintiff's claims under Pennsylvania law is hereby

**GRANTED**;

2) The motion to dismiss all claims against Chief Derenick is hereby

**GRANTED**;

3) The motion to dismiss any claims against Officeer Frescoln in his official

capacity is **GRANTED**; and

15

4) The motion is hereby **DENIED** in all other respects.

In addition, we note from activity recorded on the docket that Defendants Carl

Siminski and Mary Siminski were served with a summons in state court and

consented to the other defendants' notice of removal to federal court.  Carl and

Mary Siminski have taken no further action in this litigation since.  It is the

responsibility of the plaintiff to prosecute an action.  In light of the inactivity in this

litigation by those defendants since the filing of the complaint, it is hereby further

**ORDERED** that:

(1) Within (10) days from the date of this order, plaintiff shall make an

appropriate filing to further this action with regard to Defendants Carl and

Mary Siminski; and

(2) Failure to comply with this order will result in the dismissal of this action

for failure to prosecute with respect to Defendants Carl and Mary Siminski.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**